UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 03-CR-279

DANIEL G. WEBSTER,

        Defendant.

**ORDER**

On April 26, 2006, Defendant Daniel G. Webster filed a motion for reconsideration and reduction of sentence. Webster was charged and convicted in this court of intentionally assaulting another Native American Indian with a dangerous weapon and with intent to do bodily harm in violation of 18 U.S.C. §§ 113(a)(3) and 1153 and 2. I sentenced Webster to a term of 60 months in prison and ordered that it run partially concurrent with the state sentence he was then serving. More specifically, I directed that the first 36 months of his sentence shall run concurrent with his state sentence and the 24 months remaining would be consecutive. This is all clearly reflected in the Judgment of Conviction.

Nevertheless, on June 13, 2005, Webster filed a request for relief or, in the alternative, for habeas corpus, on the ground that he would not be granted credit for the time spent in state custody, despite this court's order that his sentence run partially concurrent to his state sentence. Webster asked that he be transferred to federal custody so that he could begin serving his federal sentence. Webster's motion was denied on August 5, 2005, on the ground that it was premature as he had

made no showing that the Bureau of Prisons would not properly compute his sentence. He has now filed essentially the same motion as a request for reconsideration or, alternatively, a petition for habeas corpus. Webster's most recent motion has no more merit than the last and will be likewise denied.

In his motion for reconsideration and reduction, Webster claims that from his reading of the applicable statutes, his 60 month sentence cannot commence to run until he has satisfied his State of Wisconsin prison term. Webster apparently bases his conclusion upon the detainer filed by the U.S. Marshal with the Wisconsin Department of Corrections, as well as 18 U.S.C. § 3585, which provides in general that a federal sentence commences when one arrives at the federal detention facility. Because of his uncertainty as to how the Bureau of Prisons may compute his sentence, Webster requests that this court grant his motion, or construe it as a petition for a writ of habeas corpus, and order his immediate release or transfer to the federal system to commence his sentence there.

Webster's motion will be denied. The Judgment of Conviction, as noted, clearly reflects the manner in which Webster is to serve his federal sentence. The judgment states that the first 36 months are to run concurrent with his state sentence and that the last 24 months will run consecutive to the state sentence. There is no reason to believe that the Bureau of Prisons will not properly compute his sentence based upon this language. If when Webster arrives in federal custody there is confusion as to the sentence I have imposed, he can seek relief at that time. In any event, this court has no authority to transfer his custody from the State of Wisconsin to Federal prison. Having been lawfully committed of a state crime and received a sentence to the Wisconsin Prison System, the defendant is properly in the custody of the state.

Accordingly, the motion is denied.

**SO ORDERED** this   16th   day of September, 2006.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge